# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| AMANDA WILSON, an individual § § § Plaintiff, § § CIVIL ACTION NO. _____ vs. § § § CAHOON ENTERPRISES, LLC, a § Montana Limited Liability Company § and HAYDEN SCOTT PARKS, an § individual § Defendant. § § | |

## COMPLAINT

AMANDA WILSON ("PLAINTIFF") files this Complaint for negligent hiring, negligent supervision, and intentional infliction of emotional distress against CAHOON ENTERPRISES, LLC (herein "CAHOON") and for intentional infliction of emotional distress against HAYDEN SCOTT PARKS (herein "PARKS") as follows:

### Jurisdiction and Venue

**1.** PLAINTIFF is an individual and a resident of Florida.

**2.** DEFENDANT, CAHOON is a Foreign Limited Liability Company organized under the laws of the state of Montana and has a principal place of business at 480 Tronstad Rd., W Kalispell, Montana 59903, with a local address of 5245 142nd Dr. NW, Willston, ND 58801.

**3.** DEFENDANT, PARKS is an individual and a resident of Texas.

**4.** This is an action for negligent hiring, negligent supervision and intentional infliction of emotional distress.

5. CAHOON is also subject to the personal jurisdiction under 28 U.S.C. §1332 because CAHOON is a Foreign Limited Liability Company organized under the state of Montana, doing business in North Dakota. PARKS worked in North Dakota for CAHOON but was extradited to Texas for a parole violation after the sexual assault.

6. Venue of this action is proper in the District of North Dakota under 28 U.S.C. §1391(b)(1) and (2) because CAHOON is subject to the personal jurisdiction of this Court in this Judicial District and thus qualifies as a resident of this Judicial District under 28 U.S.C. §1391(c)(2) and the causes of action accrued in North Dakota.

## FACTUAL BACKGROUND

7. PLAINTIFF begin working for CAHOON on or about July 2019 and worked for CAHOON as a water hauler/driver.

8. Chris McFarland, the onsite manager, placed PLAINTIFF as with another driver, PARKS, who was also in training with CAHOON.

9. Upon information and belief, PARKS was too inexperienced to train PLAINTIFF.

10. On July 14, 2019, after working with Mr. McFarland from 4:00 a.m. the previous morning and PLAINTIFF was re-assigned to work with PARKS at about 8:00 p.m. until 2:00 a.m. the following morning without a break.

11. Mr. McFarland started winding down production and PLAINTIFF requested from Steve Black, the operations manager that she be picked up from the site, as PLAINTIFF was still two hours away from Cahoon's yard.

12. No one was sent to the yard and PLAINTIFF received a response that no one would assist until morning.

13. PLAINTIFF, being exhausted had to share a vehicle to sleep in with PARKS that did not have a sleeper bed or created for occupants to rest in.

14. PLAINTIFF was then awakened by PARKS on top of her and his penis pressed into her buttocks and her pants and underwear were partially pulled down.

15. This encounter was not consensual by PLAINTIFF.

16. PARKS fled upon being confronted by PLAINTIFF at the time of the incident.

17. The next morning, PLAINTIFF notified Chris McFarland, the human resources manager, Erica McDermine and the police of the sexual assault by PARKS and then went to the hospital to have a rape kit conducted.

18. The rape kit came back as a positive DNA match for PARKS who later admitted to the assault.

19. On February 13, 2020, a complaint was filed by the State of North Dakota and a criminal warrant for the arrest of your former employee, PARKS, on the count of Sexual Assault against PLAINTIFF.

20. Prior to working with CAHOON, PARKS was convicted of felonies, and misdemeanors which would have been apparent from a required background check requirement in 391 of the Federal Motor Carrier and Safety Association (FMCSA).

21. CAHOON did not provide safe working conditions, by allowing PARKS to work at CAHOON and not providing PLAINTIFF with adequate breaks or sleeping areas, which led to PLAINTIFF's assault on July 14, 2019.

22. Both PLAINTIFF and PARKS were onsite as active employees when the assault occurred.

23. CAHOON let PLAINTIFF go soon thereafter.

24. CAHOON was negligent in hiring PARKS who had been convicted of multiple felonies.

25. CAHOON was negligent in supervising PARKS, who sexually assaulted PLAINTIFF while PARKS and PLAINTIFF were both working for CAHOON.

26. CAHOON'S negligent hiring and supervision of PARKS, and PARKS assault caused PLAINTIFF emotional distress.

27. PLAINTIFF has had to seek therapy to deal with the incident and it has affected PLAINTIFF'S overall quality of life.

28. PLAINTIFF has been unable to sleep and has been diagnosed with Post Traumatic Stress Disorder (herein "PTSD") by a Florida Licensed Mental Healthcare Therapist and is treating it with Trauma Focused-Cognitive Behavioral therapy.

29. PLAINTIFF has incurred expenses to treat her PTSD.

## COUNT I –NEGLIGENT HIRING
### (Against CAHOON)

30. Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 29 as though fully set forth herein.

31. ""The elements of negligence are duty, breach, proximate cause and damages." *McLean v. Kirby Co., a Div. of Scott Fetzer Co.*, 490 N.W.2d 229 (N.D. 1992).

32. CAHOON had a duty to perform a required background check pursuant to 391 of the Code of Federal Regulations.

33. Upon information and belief, had CAHOON conducted the required investigation into HAYDEN'S background, HAYDEN would have been disqualified from the position due to multiple felonies and drug and burglary offenses.

34. CAHOON knew or should have known that they negligently hired PARKS and he could endanger other employees.

35. CAHOON breached the duty it had to conduct a background check pursuant to 391 and as such PARKS was hired, which is a proximate cause of PLAINTIFFS assault by PARKS on July 14, 2019.

36. PARKS would not have been hired and PLAINTIFF would not have been assaulted had CAHOON conducted a background check pursuant to federal regulations.

37. PLAINTIFF has been damaged mentally by CAHOON negligence and continues to incur costs for therapy and seeks appropriate compensation and attorney's fees.

### COUNT II – NEGLIGENT SUPERVISION
### (Against CAHOON)

38. PLAINTIFF repeats and re-alleges the allegations of paragraphs 1 through 29 as though fully set forth herein.

39. ""The elements of negligence are duty, breach, proximate cause and damages." *McLean v. Kirby Co., a Div. of Scott Fetzer Co.*, 490 N.W.2d 229 (N.D. 1992).

40. CAHOON had a duty to supervise its employees while under their care, custody and control.

41. PLAINTIFF did not receive adequate breaks during her shift and worked from 4:00 am July 13, 2019 until 2:00 am on July 14, 2019.

42. PLAINTIFF was stranded on CAHOONS property and requested a pick-up as she was two hours away from being able to leave CAHOON'S care, custody and control.

43. PLAINTIFF was exhausted and needed rest and unwillingly agreed to share a space to sleep.

44. CAHOON refused to retrieve PLAINTIFF from its work site.

45. CAHOON breached the duty it had to supervise PLAINTIFF and PARKS by having them work long hours with no rest and put PARKS and PLAINTIFF in a position to share a sleeping space.

46. This lack of supervision is a proximate cause of PLAINTIFF'S assault by PARKS on July 14, 2019.

47. PLAINTIFF would not have been assaulted had CAHOON supervised its employees properly, ensuring proper breaks and adequate resting spaces in the event they were required to stay in the custody and control of CAHOON for extended periods.

48. PLAINTIFF has been damaged mentally by CAHOON'S negligent supervision of PLAINTIFF and PARKS and continues to incur costs for therapy.

## COUNT III – INTENTIONAL INFLICITON OF EMOTIONAL DISTRESS
### (Against CAHOON and PARKS)

49. PLAINTIFF repeats and re-alleges the allegations of paragraphs 1 through 29 as though fully set forth herein.

50. The three elements of the tort of intentional infliction of emotional distress under Section 46, Restatement 2d Torts (1965) include: "(1) extreme and outrageous conduct that is (2) intentional or reckless and that causes (3) severe emotional distress." *Muchow v. Lindblad,* 435 N.W.2d 918 (N.D. 1989)

51. CAHOON failed to retrieve or deliver PLAINTIFF from the work site, leaving PLAINTIFF stranded.

52. CAHOON recklessly did not provide breaks or sleeping spaces for its employees.

53. CAHOON recklessly encouraged and allowed PLAINTIFF and PARKS to sleep in the same space instead of releasing PLAINTIFF and PARKS from their care, custody and control.

54. PARKS intentionally put his penis on PLAINTIFF, his coworker, while PLAINTIFF was asleep.

55. PLAINTIFF has suffered severe emotional distress including PTSD, from which PLAINTIFF may never recover.

56. PLAINTIFF continues to seek therapeutic treatment for her injuries caused by CAHOON and PARKS.

57. PLAINTIFF has suffered damages from CAHOON'S and PARKS' intentional infliction of emotional distress and seeks appropriate compensation and attorney's fees.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment awarding it the following relief:

a) An order finding CAHOON has negligently hired PARKS, which caused PLAINTIFF'S injuries;

b) An order finding CAHOON has negligently supervised PARKS and PLAINTIFF, which caused PLAINTIFF'S injuries ;

c) An order finding CAHOON and PARKS has engaged intentional infliction of emotional distress;

d) An order awarding attorneys' fees, costs, and expenses incurred in connection with this action to Plaintiff; and

e) An order awarding such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38.

Dated: December 21, 2020   Respectfully submitted,

By: /s/ Kevin Drummond
KEVIN DRUMMOND, ESQ. (FBN 1002238)
**BLUE LINE LAW FIRM, PLLC**
1645 Palm Beach Lakes Blvd., Suite 1200
West Palm Beach, FL 33401
Telephone: 888-611-9511
Facsimile: 561-892-3330
E-Service: intake@tbllf.com